UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HEATHER KETTEN**<br>13115 Pollard Drive<br>Austin, TX 78727<br><br>*Plaintiff,*<br><br>v.<br><br>**UNITED STATES OF AMERICA**<br><br><u>Serve</u>: Hon. Merrick B. Garland<br>Attorney General of the United States<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C, 20530<br><br>And<br><br><u>Serve</u>: Hon. Channing D. Philiips<br>U.S. Attorney for the District of Columbia<br>555 4th Street, N.W.<br>Washington, D.C. 20530<br><br>*Defendant.* | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

COMES NOW, Plaintiff, Heather Ketten, by and through her attorneys, Daniel S. Singer and the Law Office of Trombly & Singer, PLLC, and states for her cause of action as follows:

### THE PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is an adult resident in the State of Texas.

2. At all times relevant to this Complaint, Defendant United States of America, by

1

and through the National Park Service, and/or its agents and employees, was the owner, operator and maintainer of the sidewalks and walkways on the premises known as the National Mall in Washington, D.C., including the sidewalk at issue in this case, and maintained possession and control over the area where the injury in this case took place.

3. On or about November 17, 2020, within two years of the date of the incident giving rise to this claim, Plaintiff filed with Defendant, United States of America, a Claim for Injury Standard Form 95, specifically alleging and claiming the facts contained herein.

4. The Standard Form was received and acknowledge by Defendant United States of America on November 18, 2020.

5. The Defendant United States of America responded to the Standard Form on or about April 6, 2021, denying the claim.

6. This complaint is being filed at least 6 months after Plaintiff filed the Standard Form 95 with Defendant United States of America, therefore constituting a timely filed Complaint pursuant to 28 U.S.C. § 2401(b) and 28 U.S.C. § 2675(a).

7. This claim is being filed less than 6 months after the Defendant issued its written denial of the Plaintiff's claim, therefore constituting timely filing of the lawsuit under 28 U.S.C. § 2401(b).

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2674, the Federal Tort Claims Act and 28 U.S.C. § 1346(b)(1)

7. Venue before this Court is proper under 28 U.S.C. §1402(b) as this case arises out of an incident that occurred in the District of Columbia.

**FACTS AND ALLEGATIONS OF LIABILITY AND DAMAGES**

8.  On or about November 27, 2018, at approximately 2:10 p.m., Plaintiff was lawfully and properly present on the grounds of the National Mall, where she was walking on the sidewalk located on the Mall. Immediately prior to the incident, the Plaintiff was intending to walk westbound in the crosswalk on the south side of the intersection of 7th Street, N.W., and Madison Drive, N.W., at the area shown below:



9.  As Plaintiff walked toward the intersection, she unknowingly encountered a significantly uneven and unmarked discontinuity in the walking surface, which caused her to fall to the ground and sustain serious injuries.

10. The uneven and unmarked deterioration and vertical discontinuity in the sidewalk

constituted a dangerous and defective condition.

11. At the time of the incident, the sidewalk was crowded with pedestrians and the defective condition was obscured to Plaintiff by persons in front of her on the sidewalk.

12. The area where Plaintiff fell, as indicated above, was an area under the exclusive maintenance and control of the Defendant United States of America.

13. As shown by the "Google Street View" photo above, the defective and dangerous condition had existed since at least April of 2014, approximately four and a half years before Ms. Ketten's fall.

14. By virtue of the location of this incident being in one of the most visited tourist sites in the entire country and receiving a consistent amount of heavy pedestrian traffic, Defendant United States of America knew or should have known about the dangerous and/or defective sidewalk condition that had existed for at least four and a half years before the Plaintiff's fall.

15. At all times relevant herein, Defendant United States of America, by and through its agents and/or employees, owed a duty to Plaintiff to exercise reasonable care and diligence to properly inspect, maintain, and repair the area where the incident occurred so as to reasonably prevent the development and presence of dangerous conditions such as the one indicated above which caused Plaintiff to fall. This included the duty to take all reasonable steps to inspect, discover, notice, remedy and/or warn against the presence of a dangerous condition in the sidewalk area, and to otherwise comply with all laws, rules and regulations in the area then and there in effect.

16. The dangerous and defective condition in the sidewalk which caused Plaintiff's fall, as indicated above, was either created by Defendant United States of America by and

through its agents and employees, and/or the said condition developed and evolved over a significant period of time prior to Plaintiff's fall, such that Defendant United States of America had actual and/or constructive notice of the dangerous condition prior to Plaintiff's fall.

17. Despite having active and/or constructive notices of the dangerous condition, Defendant, by and through its employees, failed to discover, correct, remedy, repair, warn against and/or properly address the said condition in any manner prior to Plaintiff's fall.

18. The actions and/or inactions of Defendant Unites States of America, by and through the National Park Service and its agents and employees, as indicated above, violated the aforementioned duties of care, constituting negligence which was the direct and proximate cause of Plaintiff's aforementioned fall.

19. To the extent that any of the actions and/or inactions of the Defendant United States of America violated statutes and/or regulations pertaining to the maintenance of safe walking surfaces, the Defendant was negligent *per se*.

20. At all times relevant hereto, Plaintiff acted with reasonable care and assumed no risk.

21. As a direct and proximate result of the negligence of the Defendant United States of America, as indicated above, Plaintiff suffered severe injuries, related damages and expenses, including, but not limited to, fractures of multiple bones in her left foot, requiring multiple surgeries and the surgical insertion of hardware into her foot, severe pain, scarring, suffering, mental anguish, emotional distress, disability, impairment, extreme inconvenience, lost time from daily activities, the need for future treatment and lasting pain and other damages, all of which have been present to some degree since the happening of the incident, and all of which may be to some degree continuing into the future and/or permanent.  On account of the injuries

described above, Plaintiff incurred, and will incur in the future, medical bills, wage loss, and other economic losses.

WHEREFORE, Plaintiff demands judgement against Defendant United States of America, in the amount of Two Million Dollars ($2,000,000.00), plus interests and costs, and such other relief as the Court finds just and proper.

Respectfully Submitted,

/s/ Daniel S. Singer
Kenneth M. Trombly, #199547
Daniel S. Singer, #1011357
1825 K Street, N.W.
Suite 1150
Washington, DC 20006
(202) 887-5000
kmt@tromblylaw.com
dsinger@tromblylaw.com
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff seeks a trial by jury on all issues.

/s/ Daniel S. Singer, Esq.
Daniel S. Singer