UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HEATHER KETTEN,<br><br>*Plaintiff*,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>*Defendants*. | Civil Action No. 1:21-cv-02437-RMM |

## DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant District of Columbia (the District) moves under Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff Heather Ketten's Amended Complaint [16]. As explained in the Memorandum of Points and Authorities accompanying this Motion, Plaintiff's Amended Complaint against the District is time-barred under D.C. Code § 12-301, does not relate back to the initial pleading, and circumstances do not support equitable tolling.

Date:  May 16, 2022

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Alicia M. Cullen*
ALICIA M. CULLEN [1015227]
Chief, Civil Litigation Division, Section III

*/s/ Ryan Martini*
ALEX KARPINSKI [982184]
RYAN MARTINI [888241893]
Assistant Attorneys General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001

Phone:  (202) 442-9866; (202) 724-7322
Fax:  (202) 715-7725; (202) 741-0555
Email:  alex.karpinski@dc.gov;
ryan.martini@dc.gov
*Counsel for Defendant District of Columbia*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HEATHER KETTEN, *Plaintiff*, v. DISTRICT OF COLUMBIA, *et al.*, *Defendants*. | Civil Action No. 1:21-cv-02437-RMM |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS PLAINIFF'S AMENDED COMPLAINT**

Plaintiff Heather Ketten first filed this action on September 16, 2021, alleging that Defendant United States of America (the U.S.) negligently maintained the sidewalk on the south side of the intersection of 7th Street, NW and Madison Drive, NW (the intersection) thereby causing her to fall and sustain injuries on November 27, 2018. *See generally* Compl. [1]. More than three years after her alleged injury, Plaintiff amended her complaint to add the District of Columbia (the District) as a defendant. *See generally* Am. Compl. [16]. Plaintiff's negligence action against the District is barred by the applicable statute of limitations. Plaintiff's Amended Complaint does not relate back to her initial pleading and should not be revived by equitable tolling. For these reasons, the Court should dismiss Plaintiff's Amended Complaint against the District with prejudice.

BACKGROUND

Plaintiff, a resident of Texas, visited the National Mall on the afternoon of November 27, 2018. Am. Compl. ¶¶ 1,13. During her visit, Plaintiff allegedly tripped and fell "on a

1

significantly uneven and unmarked discontinuity in the walking surface" at the intersection of 7th Street, NW and Madison Drive, NW.  *Id.* ¶ 13-14.

Plaintiff claims that she was unable to see the sidewalk condition that allegedly caused her fall because the intersection was crowded with pedestrians.  *Id.* ¶ 16.  Plaintiff, however, alleges that the District knew or should have known about the dangerous sidewalk condition "[b]y virtue of the location . . . being in one of the most visited tourist sites in the entire country." *Id.* ¶ 19.  As a result of the foregoing, Plaintiff brought suit against the U.S. in September 2021. Compl. [1].  Following the U.S.'s Amended Answer [12] denying ownership of the portion of the intersection where Plaintiff fell, Plaintiff amended her complaint to add the District as a defendant.  Am. Compl. [16].

## LEGAL STANDARD

Rule 12(b)(6) requires dismissal when a complaint fails to state a claim upon which relief can be granted.  To survive a motion to dismiss under Rule 12(b)(6), the factual allegations of the complaint "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face").  In making this assessment, courts must accept *only* well-pleaded factual allegations; conclusory allegations and legal conclusions are not entitled to an assumption of veracity.  *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678-79.  In addition to well-pleaded facts, the Court may consider "documents either attached to or incorporated in the complaint and matters of which [a court] may take judicial notice."  *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 183 (D.C. Cir. 2006) (citation and quotations omitted).  Ultimately, if the complaint fails to "set forth information to suggest that there is some recognized legal theory

upon which relief may be granted," it must be dismissed. *See District of Columbia v. Air Fla., Inc.,* 750 F.2d 1077, 1078 (D.C. Cir. 1984).

## ARGUMENT

I. **Plaintiff's Negligence Claim is Barred by D.C. Code § 12-301(a)(8), the Applicable Statute of Limitations.**

Plaintiff's negligence claim against the District is untimely. Under D.C. Code § 12-301, actions for which a specific limitation period is not prescribed are subject to a three-year statute of limitations. *See* D.C. Code § 12-301(a)(8). There is not a statute designating the time in which to bring a negligence action in the District of Columbia. Accordingly, negligence claims are subject to the three-year catch all provision of D.C. Code § 12-301(a)(8). *Weisberg v. Williams, Connolly & Califano*, 390 A.2d 992, 994 (D.C. 1978).

Here, Plaintiff sustained her alleged injury on November 27, 2018. Am. Compl. ¶¶ 13-14. Within six months, Plaintiff claims she notified the District of her claimed injury. *Id.* ¶ 12. Under D.C. Code § 12-301(a)(8), Plaintiff had until November 27, 2021, to bring suit against the District. Plaintiff missed this deadline by over five months when she filed her Amended Complaint on April 21, 2022. Accordingly, Plaintiff's negligence claim against the District is time-barred. For these reasons, the Court should dismiss Plaintiff's Amended Complaint against the District with prejudice.

II. **Plaintiff's Amended Complaint Does Not Relate Back to the Date of the Timely Filed Original Pleading.**

Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading "relates back" to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations. Where an amended pleading changes a party or a party's name, the Rule requires, among other things, that "the party to be brought in by amendment . . . knew or should have known that the action would have been brought against it,

but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). An amendment naming a new defendant relates back if (1) a claim against a newly named defendant arises out of the conduct, transaction, or occurrence set out in the original pleading; (2) the new defendant "received such notice of the action" within the period provided for by Rule 4(m) for service that "it will not be prejudiced in defending the merit"; and (3) the new defendant "knew or should have known that the action would have been brought against it" if the plaintiff did not make a mistake concerning the proper defendant's identity. Fed. R. Civ. Pro. 15(1)(C); *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 545 (2010). Rule 15(c)(1)(C)(ii) asks what the "prospective *defendant* knew or should have known during the Rule 4(m) period." *Krupski*, 560 U.S. at 548.

      Here, the District denies that it received notice of the instant action within the 90-day service period contemplated by Rule 4(m). Plaintiff filed her original complaint on September 16, 2021, but did not serve the District with her complaint by December 15, 2021—90 days after docketing her complaint. Plaintiff's Amended Complaint fails to relate back because Plaintiff did not name *any* District defendant in her original complaint and did not serve the District within her initial Rule 4(m) period to do so. *See Philogene v. District of Columbia,* 864 F. Supp. 2d 127, 134 (D.D.C. 2012) (holding that plaintiff's amended complaint did not relate back because the prospective defendant did not have notice of action within the appropriate time frame); see also *Flournoy v. Schomig*, 418 Fed.Appx. 528, 531 (7th Cir. 2011) (affirming district court's refusal to relate back an untimely amendment to identify unnamed prison officials whose names plaintiff learned after discovery because plaintiff "made no mistake; he simply lacked knowledge of the proper defendants").

      Additionally, the District denies that it knew or should have known that this action would have been brought against it if Plaintiff did not make a mistake concerning the proper

4

defendant's identity. Plaintiff did not mistake the U.S. for the District. This point is made clear by Plaintiff's pre-suit notice to both entities and Plaintiff's decision to retain the U.S. as a defendant following amendment. Am. Compl. ¶¶ 5-9, 12. The present case is distinguishable from *Lemus v. District of Columbia International Charter School*, 2022 WL 407151, slip op. at 13 (D.D.C. Feb. 10, 2022). In *Lemus*, the plaintiff initially named the Executive Director of the D.C. International Charter School (DCI) as the defendant. *Id.* at 7-8. The Executive Director defendant then moved to dismiss on the grounds that personal capacity suits are not permitted under the statute plaintiff relied on. *Id.* After the relevant statute of limitations had passed, Plaintiff amended her complaint to remove the Executive Director and add DCI as the defendant. The court held that plaintiff's amended complaint related back to her original pleading and was therefore timely because DCI could not "have been in doubt that [plaintiff] was plainly attempting to sue it." *Id.* at 13. In the present case, Plaintiff plainly sued the U.S. rather than the District. She did not mistake the Mayor of the District of Columbia as the proper defendant for this action. Moreover, she knew that the District was a proper entity to provide pre-suit notice for personal injury claims, as evidenced by her D.C. § 12-309 notice. Am. Compl. ¶ 12. Yet, she deliberately chose not to name the District in her complaint. *See generally* Compl. [1]. The Court should reject any arguments that Plaintiff's Amended Complaint relates back such that it contains a timely action against the District.

**III.      The Balance of the Equities Do Not Support Tolling the Statue of Limitations.**

Since Plaintiff's Amended Complaint does not relate back to her initial complaint, equitable tolling of the statute of limitations period is the only way her claim against the District could be deemed timely. "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Young v. SEC*, 956 F.3d 650, 655 (D.C. Cir. 2020) (quoting

*Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "To satisfy the first prong, a [litigant] must demonstrate not . . . 'maximum feasible diligence,' but just 'reasonable diligence.'" *United States v. Rice*, 727 F. App'x 697, 701 (D.C. Cir. 2018) (quoting *Holland v. Florida*, 560 U.S 631, 652 (2010)).  As for the second element, "[t]o count as sufficiently 'extraordinary' . . . the circumstances that caused a litigant's delay must have been beyond [his] control," *Menominee Indian Tribe of Wis. v. United States*, 764 F.3d 51, 58 (D.C. Cir. 2014), *aff'd*,577 U.S. 250 (2016), and "it is only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing that equitable tolling may be the proper remedy," *Smith v. Davis*, 953 F.3d 582, 600 (9th Cir. 2020) (en banc).

Here, Plaintiff failed to use reasonable diligence to pursue her claim against the District. Plaintiff provided pre-suit notice to both the U.S. and the District, but only filed her complaint against the U.S.  Am. Compl. ¶¶ 5-12.  The U.S. denied Plaintiff's pre-suit claim on April 6, 2021.  *Id.* at ¶ 7.  If Plaintiff had any doubt as to whether the U.S. or the District was responsible for the maintenance of the location where she allegedly fell, the reasonably diligent way to pursue her claim would have been to file against both government defendants.  Plaintiff did not.

Additionally, no extraordinary circumstances caused Plaintiff's untimeliness.  Plaintiff identifies no such circumstances in her Amended Complaint.  *See generally* Am. Compl. [16]. Plaintiff satisfied her pre-suit requirements with respect to the District by May 27, 2019—six months from her alleged injury—and inexcusably delayed bringing suit until April 21, 2022. Moreover, the generic impact of the ongoing COVID-19 pandemic is insufficient.  *See United States v. King*, 2022 WL 579483 (D.D.C. Feb. 25, 2022) (rejecting COVID-19 justification for equitable tolling where counsel confronted real pandemic based obstacles).  In light of the foregoing, the court should not toll the statute of limitations and should dismiss Plaintiff's Amended Complaint against the District with prejudice.

**CONCLUSION**

For the foregoing reasons, the Court should grant this Motion and dismiss Plaintiff's Amended Complaint against the District with prejudice.

Date: May 16, 2022

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Alicia M. Cullen*
ALICIA M. CULLEN [1015227]
Chief, Civil Litigation Division, Section III

*/s/ Ryan Martini*
ALEX KARPINSKI [982184]
RYAN MARTINI [888241893]
Assistant Attorneys General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
Phone: (202) 442-9866; (202) 724-7322
Fax: (202) 715-7725; (202) 741-0555
Email: alex.karpinski@dc.gov;
ryan.martini@dc.gov
*Counsel for Defendant District of Columbia*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HEATHER KETTEN, *Plaintiff*, v. DISTRICT OF COLUMBIA, *et al.*, *Defendants*. | Civil Action No. 1:21-cv-02437-RMM |

## ORDER

Upon consideration of Defendant District of Columbia's (the District) Motion to Dismiss Plaintiff's Amended Complaint, any Opposition and Reply, and the entire record, it is hereby

**ORDERED** that the District's Motion is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

Date: _____

_____
ROBIN M. MERIWEATHER
Magistrate Judge