EXHIBIT 1: Berg v. Hickson

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| ALYSSA BERG | : Case Number: 2021 CA 001977 V |
| | : |
| v. | : Judge: Shana Frost Matini |
| | : |
| EVERETT HICKSON | : |

### ORDER

Before the Court is Defendant's Motion to Dismiss and/or for Summary Judgment ("Mot.") and Memorandum in Support ("Memo."), filed July 20, 2021. Plaintiff filed her Opposition to Defendant's Motion ("Opp.") on July 29, 2021. Defendant was permitted to file a Reply to Plaintiff's Opposition by Superior Court Civil Rule 12-I(g), but none was filed and the time to do so has passed. After reviewing the parties' briefs, the applicable law, and the record in this case, the Court denies Defendant's motion.

### Background

This case arises out of a vehicle accident. *See* Compl. ¶ 8. Plaintiff alleges that on April 5, 2018, she was struck by Defendant's vehicle while riding her bicycle in the intersection of 11th Street SE and G Street SE in the District of Columbia. *See* Compl. ¶¶ 6-8. Plaintiff filed the instant action om June 11, 2021, alleging that the Defendant was negligent in her operation of her vehicle. *See generally* Compl. Defendant now moves to dismiss, claiming that Plaintiff's negligence claim is barred by the applicable statute of limitations. *See generally* Mot.

### Analysis

"At the Rule 12 (b)(6) stage, a court should not dismiss on statute of limitations grounds unless the claim is time-barred on the face of the complaint." *Logan v. Lasalle Bank Nat'l Ass'n*, 80 A.3d 1014, 1020 (D.C. 2013). The statute of limitations for negligence actions in the District of Columbia is three years. *See* D.C. Code § 12-301(a)(8). Defendant asserts that Plaintiff had until

April 5, 2021 to file her personal injury lawsuit, and failed to do so until after the statute of limitations had expired. *See* Memo. at 3.

Due to the COVID-19 public health emergency, on March 18, 2020, the Chief Judge of the Superior Court for the District of Columbia ordered "all deadlines and time limits in statutes, court rules, and standing and other orders issued by the court . . . suspended, tolled, and extended during the period of the [COVID-19] emergency," including statutes of limitations. Chief Judge Order (Mar. 18, 2020) at 2. This tolling period was extended by subsequent Orders issued by the Chief Judge on March 19, 2020, May 14, 2020, June 19, 2020, August 13, 2020, and November 5, 2020. *See* Chief Judge Order (Jan. 13, 2021) at 1. Then on January 13, 2021, the Chief Judge issued an amended order stating "[s]uspension, tolling, and extension will continue to the extent specified in this Order until at least March 31, 2021." *Id.*

On January 21, 2021, the Honorable Anthony Epstein issued an Amended Addendum to the General Order Concerning Civil Cases, which states in relevant part that "[i]f no exception in the January 13 order or in the Chief Judge's prior orders applies, the date on which the period of tolling ends is currently March 31, 2021…" Amended Addendum to the General Order Concerning Civil Cases (Jan. 21, 2021) at 2. The Addendum also stated that "[i]f an event before the start of the tolling period triggered a deadline that falls within the tolling period, the number of days remaining before the original deadline on March 18 are added to the end of the tolling period." *Id.* On March 30, 2021, the Chief Judge Ordered that "[u]nless otherwise ordered by the Court, no deadlines and time limits in statutes (including statute of limitations), court rules, and standing and other orders issued by the Court are suspended, tolled or extended during the period of emergency…" Chief Judge Order (Mar. 30, 2021) at 3.

Here, Defendant argues that because the event triggering the statute of limitations was the April 5, 2018 accident, resulting in the April 5, 2021 statute of limitations deadline falling outside the Court's March 18, 2020 through March 30, 2021 tolling period, the tolling period does not apply to the present case. Memo. at 4. In support of her assertion, Defendant cites to the language in Judge Epstein's Addendum which specifies that "the number of days remaining before the original deadline on March 18 are added to the end of the tolling period" for "a deadline *that falls within the tolling period*[.]" *Id*. (citing to Amended Addendum to the General Order Concerning Civil Cases (Jan. 21, 2021) at 2 (emphasis in Memo.)).

The Court does not agree with the Defendant's interpretation and finds that the tolling period should apply to the statute of limitations in the instant action. Defendant argues that the Court did not intend to forever alter all statutes of limitations in civil cases through its administrative orders; however, the Court did mean to toll all statutes of limitations *from March 18, 2020 through March 30, 2021. See* Memo. at 4; Chief Judge Order (Mar. 30, 2021). "The term 'tolling' means that, 'during the relevant period, the statute of limitations ceases to run.'" *Christensen v. Philip Morris USA, Inc.*, 162 Md. App. 616, 639 n.9 (2005) (quoting *Chardon v. Fumero Soto*, 462 U.S. 650, 652 n.1 (1983)). Accordingly, the statute of limitations as to Plaintiff's claim in the instant case was paused during the tolling period, meaning that the proper deadline for Plaintiff to bring her claim can be found by adding the 388 days between March 18, 2020 and March 30, 2021 to the Plaintiff's original deadline of April 5, 2021. *See* Addendum to the General Order Concerning Civil Cases (Jan. 21, 2021) at 2.

Here, the language cited by the Defendant from the Addendum is not an exclusive list of the applications of the tolling period, rather just one example. There is also no language in the Chief Judge's Order which indicates that the tolling period does not apply to deadlines that occurred after

March 30, 2021. *See generally* Chief Judge Order (Mar. 30, 2021). The intent here was clearly that tolling meant tolling—that the statute of limitations temporarily ceased to run, and began again once the tolling period was lifted. To find otherwise would result in a clear injustice as any litigant whose claim arose on April 1, 2018, for example, would be extremely prejudiced and unlikely to file suit under Defendant's interpretation, while a litigant whose claim arose on March 29, 2018 would have until April 2022 to file suit. *See* Opp. at 2. Moreover, a litigant would have the right to rely on the Chief Judge's assurance that the Court would "provide at least 60 days' notice before ending all suspension, tolling, and extension of deadlines." Chief Judge Order at 1 (Jan. 13, 2021).

For these reasons, the Court finds that Plaintiff's complaint was timely filed. Accordingly, it is this 19th day of August 2021, hereby:

**ORDERED** that Defendant's Motion to Dismiss and/or for Summary Judgment is **DENIED**.

**SO ORDERED**.

Judge Shana Frost Matini
Superior Court of the District of Columbia

Copies electronically served upon all counsel of record