Filed
D.C. Superior Court
06/02/2021 17:06PM
Clerk of the Court

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| TANIA BENITEZ, | |
| Plaintiff, | Case No.:  2018 CA 007957 V |
| v. | Judge Jason Park |
| TONYA RENEE INGRAM, | Pretrial Conference:  8/5/2021 |
| Defendant. | |
| KEVIN BENITEZ *et al.*, | |
| Plaintiffs, | Case No.:  2021 CA 000323 V |
| v. | Judge Jason Park |
| TONYA RENEE INGRAM *et al.*, | Pretrial Conference:  8/5/2021 |
| Defendants. | |

**<u>ORDER</u>**

This matter is before the Court on:  (1) the motion to dismiss plaintiffs' complaint, or in the alternative, motion for more definite statement, filed May 7, 2021 by Tania Benitez in case 2021 CA 000323 V; (2) the motion to dismiss Tonya Renee Ingram's cross-claim, or in the alternative, motion for more definite statement, filed May 7, 2021 by Ms. Benitez in case 2021 CA 000323 V; and (3) the amended motion to dismiss the punitive damages claim in case 2021 CA 000323 V, or in the alternative for judgment on the pleadings, filed May 13, 2021 by Ms. Ingram. Upon consideration of the motions, the respective opposition and reply memoranda, and for the reasons stated below, the Court grants Ms. Benitez's motion to dismiss the plaintiffs' complaint, grants Ms. Benitez's motion to dismiss Ms. Ingram's cross-claim, and dismisses those pleadings

without prejudice.[1] The Court also grants Ms. Ingram's motion to dismiss the plaintiffs' request for punitive damages.

## FACTUAL BACKGROUND

These consolidated matters arise from the rear-end collision between two vehicles driven by Ms. Benitez and Ms. Ingram. As alleged in the complaint in case 2018 CA 007957 V and in the amended complaint in case 2021 CA 000323 V, on March 5, 2018, Ms. Benitez was driving her 2008 Chevrolet Suburban southbound on 7th Street Northeast near the intersection with Hamlin Street Northeast in the District of Columbia. *See Benitez v. Ingram*, 2018 CA 007957 V, Compl. ("Compl. 7957") ¶ 3; *Benitez v. Ingram*, 2021 CA 000323 V, Am. Compl. ("Am. Compl. 323") ¶ 11. Marcelino Aguilar, Cira Cruz Espinoza, and Ms. Benitez's minor son, K.B., were allegedly

---

[1]      At the hearing held May 28, 2021, counsel expressed concern that any dismissal would effectively be with prejudice because the vehicle collision that gave rise to this action occurred on March 8, 2018, more than three years ago. This concern is unfounded. In the District of Columbia, a negligence claim is governed by a three-year statute of limitations. *See Stewart-Veal v. District of Columbia*, 896 A.2d 232, 236 (D.C. 2006). On March 18, 2020, the Chief Judge of the Superior Court for the District of Columbia ordered "all deadlines and time limits in statutes, court rules, and standing and other orders issued by the court . . . suspended, tolled, and extended during the period of the [COVID-19] emergency," including statutes of limitations. Addendum to the General Order Concerning Civil Cases (Mar. 30, 2020). On March 30, 2021, the Chief Judge ended the tolling of limitations periods in all civil cases except those subject to a statutory moratorium. Addendum to the General Order Concerning Civil Cases (April 7, 2021). As a result, the period from March 8, 2020 to March 30, 2021 is excluded from the calculations of any limitations period. *See* Addendum to the General Order Concerning Civil Cases (Jan. 31, 2020) ("If an event before the start of the tolling period triggered a deadline that falls within the tolling period, the number of days remaining before the original deadline on March 18 are added to the end of the tolling period."). The statute of limitations, therefore, on a negligence claim arising out of the March 8, 2018 accident does not expire until March 2022.

Meanwhile, the statutes of limitations on Ms. Ingram's cross-claims for contribution and indemnification against Ms. Benitez have not yet began to run, as "[a] right to contribution ripens into a cause of action when a tortfeasor pays more than his proportionate share of the underlying claim," *Rodriguez v. Crowley*, 2001 D.C. Super. LEXIS 41, at *7 n.5 (D.C. Super. Ct. June 11, 2001) (internal citation omitted), and "[a] cause of action for indemnification does not accrue until the defendant is cast in judgment by a verdict in favor of the plaintiff in the underlying claim," *id.* The Court's dismissal of these claims, therefore, is also without prejudice.

passengers in Ms. Benitez's vehicle. *See* Am. Compl. 323 ¶¶ 9, 12. Ms. Ingram was driving a 2005 Range Rover, owned by Bento O'Neal, southbound on 7th Street Northeast directly behind Ms. Benitez's vehicle. *See* Compl. 7957 ¶ 4; Am. Compl. 323 ¶¶ 8, 13. As alleged in the complaint in case 2018 CA 007957 V and in the amended complaint in case 2021 CA 000323 V, the vehicle driven by Ms. Ingram struck Ms. Benitez's vehicle from behind in a rear-end collision, resulting in injuries to Ms. Benitez and the passengers in her vehicle. *See* Compl. 7957 ¶¶ 5, 8-9; Am. Compl. 323 ¶¶ 7, 14-15.

On November 12, 2018, Ms. Benitez filed case 2018 CA 007957 V against Ms. Ingram. *See generally* Compl. 7957. The complaint in case 2018 CA 007957 V asserts one claim for vehicular negligence, alleging that Ms. Ingram breached a duty to operate her vehicle in a safe manner and caused Ms. Benitez to incur property damages and medical expenses, and requests $250,000 in compensatory damages, with interests and costs. *See id.* ¶¶ 6-10.  On February 3, 2021, Marcelino Aguilar, Cira Cruz Espinoza, and K.B. filed case 2021 CA 000323 V against Bento O'Neal, Ms. Benitez, and Ms. Ingram; an amended complaint was filed on April 8, 2021, substituting William Benitez on behalf of minor child K.B. as a plaintiff in place of K.B. *See generally Benitez*, 2021 CA 000323 V, Compl.; Am. Compl. 323. The amended complaint in case 2021 CA 000323 V asserts claims for vehicular negligence against Ms. Benitez and Ms. Ingram and a claim for negligent entrustment against defendant O'Neal, and requests $250,000 in actual and compensatory damages, as well as punitive damages, interests, and costs. *See* Am. Compl. ¶¶ 10-31. On May 5, 2021, Ms. Ingram filed a cross-claim against Ms. Benitez in case 2021 CA 000323 V, asserting claims for contribution and indemnification. *See generally Benitez*, 2021 CA 000323 V, Cross Cl. ("Cross-Cl. 323"). The two matters were consolidated on May 6, 2021. *See Benitez*, 2018 CA 007957 V, Order (May 6, 2021).

On May 7, 2021, Ms. Benitez filed a motion to dismiss the plaintiffs' complaint in case 2021 CA 000323 V, or in the alternative, for a more definite statement. *See generally* Benitez Mot. to Dismiss Compl. On May 12, 2021, Ms. Ingram filed an opposition to this motion, and on May 13, 2021, the plaintiffs filed an opposition. *See generally* Ingram Opp'n to Benitez Mot. to Dismiss Compl.; Pls.' Opp'n to Benitez Mot. to Dismiss Compl. Ms. Benitez filed a reply on May 18, 2021. *See generally* Benitez Reply.

On May 7, 2021, Ms. Benitez filed a motion to dismiss Ms. Ingram's cross-claim in case 2021 CA 000323 V, or in the alternative, for a more definite statement. *See generally* Benitez Mot. to Dismiss Cross-Cl. Ms. Ingram filed an opposition to this motion on May 12, 2021. *See generally* Ingram Opp'n to Benitez Mot. to Dismiss Cross-Cl.

On May 12, 2021, Ms. Ingram filed a motion to dismiss the plaintiffs' request for punitive damages in case 2021 CA 000323 V, and on May 13, 2021, Ms. Ingram filed an amended motion, requesting dismissal of the plaintiffs' punitive damages request, or in the alternative, for partial judgment on the pleadings. *See generally* Ingram Mot. to Dismiss. The plaintiffs filed an opposition to the amended motion on May 14, 2021, and Ms. Ingram filed a reply on May 18, 2021. *See generally* Pls.' Opp'n to Ingram Mot. to Dismiss; Ingram Reply.

## LEGAL STANDARD

A complaint should be dismissed under D.C. Super. Ct. Civ. R. 12(b)(6) if it does not satisfy the requirement of Rule 8(a) that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To determine whether a complaint survives a motion to dismiss, a court must determine (1) whether the complaint includes well-pled factual allegations; and (2) whether such allegations plausibly entitle the plaintiff to relief. *See Potomac Dev. Corp. v. District of Columbia*, 28 A.3d 531, 544 (D.C. 2011). "A claim has facial plausibility

4

when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (U.S. 2009)). Although a court "must accept as true all of the allegations contained in the complaint," "threadbare recitals of the elements of a cause of action supported by mere conclusory statements" do not suffice. *Sundberg v. TTR Realty, LLC*, 109 A.3d 1123, 1128–29 (D.C. 2015) (quoting *Iqbal*, 556 U.S. at 678).

## ANALYSIS

### I.   THE COURT GRANTS MS. BENITEZ'S MOTION TO DISMISS THE AMENDED COMPLAINT IN 2021 CA 000323 V

In her motion to dismiss the amended complaint in case 2021 CA 000323 V, Ms. Benitez argues that the amended complaint fails to state a claim for negligence against her because the amended complaint fails to allege any specific facts in support of this claim. *See* Benitez Mot. to Dismiss Compl. at 2-3. Ms. Benitez also argues that the plaintiffs' request for punitive damages must be dismissed because the amended complaint fails to allege that Ms. Benitez acted with malicious intent. *See id.* at 3-4. In their opposition, the plaintiffs argue that the amended complaint alleges specific facts sufficient to give Ms. Benitez fair notice of the plaintiffs' negligence claim against her under D.C. Super. Ct. Civ. R. 8(a), and also argue that if the Court determines that the amended complaint fails to state a negligence claim against Ms. Benitez, the plaintiffs should be permitted to amend their pleading. *See* Pls.' Opp'n to Benitez Mot. to Dismiss Compl. at 5-7. Ms. Ingram also opposes Ms. Benitez' motion, arguing that the plaintiffs' complaint states a claim for negligence against Ms. Benitez under the notice pleading standard. *See* Ingram Opp'n to Benitez Mot. to Dismiss Compl. at 5-6.

To prevail on a claim of negligence, a plaintiff must prove that "(1) that the defendant owed a duty to the plaintiff, (2) breach of that duty, and (3) injury to the plaintiff that was proximately caused by the breach." *See Hedgepeth v. Whitman Walker Clinic*, 22 A.3d 789, 793 (D.C. 2011).

In the amended complaint in case 2021 CA 000323 V, the plaintiffs allege that Ms. Benitez breached a duty to operate her car in a reasonable and prudent manner by:

    a.   failing to control her speed;

    b.   failing to maintain a proper distance;

    c.   failing sufficiently to slow down in the face of slowed traffic in front of her;

    d.   failing to maintain control of her car;

    e.   failing to maintain a safe and reasonable distance between her vehicle and the vehicle in front of her;

    f.   failing to operate her vehicle at a safe and reasonable speed;

    g.   failing to avoid colliding with the vehicle immediately in front of her; and

    h.   failing to pay full-time attention to her driving.

Am. Compl. 323 ¶ 21. The amended complaint further alleges that Ms. Benitez's negligent breach of duty proximately caused the collision with the vehicle driven by Ms. Ingram, resulting in damage to the plaintiffs. *See id.* ¶¶ 22-23. The Court notes that the factual allegations in support of the plaintiffs' negligence claim against Ms. Benitez are nearly identical to the allegations supporting the plaintiffs' negligence claim against Ms. Ingram. *See id.* ¶¶ 17, 21. Indeed, the amended complaint inconsistently contends that Ms. Benitez's vehicle was rear-ended, but also alleges that Ms. Benitez "fail[ed] to avoid colliding with the vehicle immediately in front of her." *See id.* ¶ 21(g).

While D.C. Super. Ct. Civ. R. 8(a) demands only "a short and plain statement of the claim showing that the pleader is entitled to relief," here, the complaint is devoid of factual allegations suggesting how Ms. Benitez, whom the complaint alleges was negligently rear-ended by Ms. Ingram, was herself negligent. Compounding the lack of factual allegations is the fact that the amended complaint appears to allege inconsistent factual allegations, stating at one point that Ms. Ingram negligently rear-ended Ms. Benitez and at another point that Ms. Benitez negligently failed to avoid colliding with a vehicle in front of her. While a complaint, particularly one in a vehicle negligence case, need not contain detailed factual allegations, the conclusory and contradictory allegations in the amended complaint are not sufficient "to ensure that [Ms. Benitez] has fair notice of the [plaintiffs'] claims so as to provide [Ms. Benitez] the opportunity . . . to prepare an adequate defense." *Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003). The Court therefore dismisses the plaintiffs' negligence claim against Ms. Benitez without prejudice to the filing of an amended complaint addressing the deficiencies in this claim.

Ms. Benitez also argues that the plaintiffs' request for punitive damages must be dismissed because the amended complaint fails to allege any intentional or reckless conduct on the part of Ms. Benitez. *See* Benitez Mot. to Dismiss Compl. at 3-4. The plaintiffs do not address this argument in their opposition. *See generally* Pls.' Opp'n to Benitez Mot. to Dismiss Compl. Generally, courts in the District of Columbia only award punitive damages in actions arising from intentional torts. *See Calvetti v. Antcliff*, 346 F. Supp. 2d 92 (D.D.C. 2004) (citing *Jemison v. Nat'l Baptist Convention, U.S.A., Inc.*, 720 A.2d 275, 285 (D.C. 1998)). "The District of Columbia does not allow recovery for punitive damages for a showing of mere negligence." *Yudzon v. Sage Title Grp., LLC*, 2020 U.S. Dist. LEXIS 90295, at *21 (D.D.C. May 22, 2020); *see also Wagman v. Lee*, 457 A.2d 401, 404 n.4 (D.C. 1983) ("[P]unitive damages may not be awarded for negligence, even

7

gross negligence."). Instead, "punitive damages are reserved for only those tortious acts that are 'replete with malice.'" *Harvey v. Mohammed*, 841 F. Supp, 2d 164, 181 (D.D.C. 2012) (quoting *Zanville v. Garza*, 561 A.2d 1000, 1002 (D.C. 1989)); *see also Robinson v. Sarisky*, 535 A.2d 901, 906 (D.C. 1988) (citations omitted) (noting that punitive damages may be awarded for tortious acts "aggravated by 'evil motive, actual malice, deliberate violence or oppression'" or for "outrageous conduct . . . in willful disregard for another's rights").

In the amended complaint, the plaintiffs allege that Ms. Benitez was negligent in the course of her vehicle's collision with the vehicle driven by Ms. Ingram, and requests "punitive damages resulting from [the defendants'] negligence." *See* Am. Compl. 323 at 7. The amended complaint is devoid of factual allegations indicating that Ms. Benitez's actions were intentional, malicious, or willful, and the Court therefore dismisses the plaintiffs' request for punitive damages against Ms. Benitez. *See generally* Am. Compl. 323; *see also Robinson*, 535 A.2d at 906.

## II.   THE COURT GRANTS MS. BENITEZ'S MOTION TO DISMISS MS. INGRAM'S CROSS-CLAIM IN CASE 2021 CA 000323 V

In her motion to dismiss Ms. Ingram's cross-claim, Ms. Benitez argues that Ms. Ingram's cross-claim in case 2021 CA 000323 must be dismissed because it references and incorporates the allegations in the plaintiffs' amended complaint in case 2021 CA 000323, which Ms. Benitez maintains is deficient. *See* Benitez Mot. to Dismiss Cross-Cl. at 2-4. In her opposition, Ms. Ingram argues that the amended complaint states a plausible claim for negligence against Ms. Benitez under the notice pleading standard of D.C. Super. Ct. Civ. R. 8(a), and that therefore, Ms. Ingram's cross-claim plausibly alleges claims for contribution and indemnification against Ms. Benitez. *See* Ingram Opp'n to Benitez Mot. to Dismiss Cross-Cl. at 4-6. Ms. Ingram also argues that if the Court finds that her cross-claim fails to state claims for contribution and indemnification, she should be permitted to amend her pleading. *See id.* at 6.

In general, "there is a right of equal contribution among joint tort-feasors." *District of Columbia v. Washington Hosp. Ctr.*, 722 A.2d 332, 336 (D.C. 1998). "An essential prerequisite for entitlement to contribution is that the parties be joint tortfeasors in the sense that their negligence concurred in causing the harm to the injured party." *Id.* (citing *Washington v. Washington Hosp. Ctr.*, 579 A.2d 177, 187 (D.C. 1990)). "The law recognizes that there may not be a single proximate cause for every injury; several causes may combine to produce the harm." *R. & G. Orthopedic Appliances & Prosthetics, Inc. v. Curtin*, 596 A.2d 530, 544 (D.C. 1991).

"Indemnity is a shifting of responsibility from the shoulders of one person to another; and the duty to indemnify has been recognized in cases where the equities have supported it. A court's view of the equities may have been based on the relation of the parties to one another, and the consequent duty owed; or it may be because of a significant difference in the kind or quality of their conduct." *Washington Hosp. Ctr.*, 722 A.2d 332, 339 (quoting *R. & G. Orthopedic*, 596 A.2d at 545) (internal citation omitted). Indemnity is a form of restitution involving "the shifting of the entire loss from one who has paid it to another who would be unjustly enriched by the indemnitee's discharge of the obligation." *Id.* "[T]he obligation to indemnify may be implied in fact (on an implied contract theory) or implied in law in order to achieve an equitable result." *R. & G. Orthopedic*, 596 A.2d at 545 (internal citation omitted).

Here, Ms. Ingram's cross-claim asserts that if Ms. Ingram is found negligent to the plaintiffs, "the negligence of . . . Tania Benitez was the direct, proximate and contributing cause of the occurrence, and the resulting injuries and damages, as is alleged more specifically in the Plaintiffs' Amended Complaint," entitling Ms. Ingram to contribution and indemnification from Ms. Benitez. *See* Cross-Cl. 323 ¶ 4. In her motion to dismiss the cross-claim, Ms. Benitez argues that Ms. Ingram fails to plausibly allege contribution and indemnification claims because these

claims are premised on the plaintiffs' allegedly deficient complaint. *See* Benitez Mot. to Dismiss Cross-Cl. at 2-4. The Court concludes, as discussed above, that the allegations in the plaintiffs' complaint are insufficient to state a negligence claim against Ms. Benitez. The Court therefore grants Ms. Benitez's motion to dismiss the cross-claim without prejudice, and orders Ms. Ingram to file an amended cross-claim contemporaneously with the plaintiffs' amended complaint.

### III.   THE COURT GRANTS MS. INGRAM'S MOTION TO DISMISS THE PLAINTIFFS' REQUEST FOR PUNITIVE DAMAGES IN 2021 CA 000323 V

In her motion to dismiss the plaintiffs' request for punitive damages, Ms. Ingram argues that the amended complaint in case 2021 CA 000323 V fails to plausibly allege the plaintiffs' entitlement to punitive damages against Ms. Ingram because the amended complaint fails to allege that Ms. Ingram acted with malicious intent or ill will. *See* Ingram Mot. to Dismiss at 5-7. In their opposition, the plaintiffs argue that the amended complaint sufficiently alleges that Ms. Ingram acted recklessly and with willful disregard for the plaintiffs' safety, and also argues that if the Court determines that the amended complaint fails to allege the plaintiffs' entitlement to punitive damages, the plaintiffs should be permitted to amend their pleading. *See* Pls.' Opp'n to Ingram Mot. to Dismiss at 4-6.

The amended complaint alleges that Ms. Ingram breached a duty of care owed to the plaintiffs by failing to operate the vehicle she drove in a reasonably prudent manner, thereby causing the rear-end collision with Ms. Benitez' vehicle, and requests "punitive damages resulting from [the defendants'] negligence." *See* Am. Compl. 323 at 7. As with the plaintiffs' request for punitive damages from Ms. Benitez, the amended complaint contains no factual allegations indication that Ms. Ingram's actions were intentional, malicious, or willful. *See generally id.* The Court therefore dismisses the plaintiffs' request for punitive damages against Ms. Ingram. *See Robinson*, 535 A.2d at 906.

**CONCLUSION**

Accordingly, it is this 2nd day of June, 2021, hereby

**ORDERED** that Ms. Benitez' motion to dismiss the plaintiffs' complaint in case 2021 CA 000323 V is **GRANTED**; and it is further

**ORDERED** that the plaintiffs' negligence claim against Ms. Benitez is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the plaintiffs' request for punitive damages from Ms. Benitez is **DISMISSED**; and it is further

**ORDERED** that the plaintiffs shall file a second amended complaint on or before June 16, 2021; and it is further

**ORDERED** that Ms. Benitez's motion to dismiss Ms. Ingram's cross-claim in case 2021 CA 000323 is **GRANTED**; and it is further

**ORDERED** that Ms. Ingram's cross-claim is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Ms. Ingram shall file an amended cross-claim on or before June 23, 2021; and it is further

**ORDERED** that Ms. Ingram's motion to dismiss the punitive damages claim in case 2021 CA 000323 V is **GRANTED**; and it is further

**ORDERED** that the plaintiffs' request for punitive damages from Ms. Ingram is **DISMISSED**.

**SO ORDERED**.

Judge Jason Park
Superior Court of the District of Columbia

Copies to counsel of record via CaseFileXpress.