UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HEATHER KETTEN,<br><br>    *Plaintiff*,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>    *Defendants*. | Civil Action No. 1:21-cv-02437-RMM |

### REPLY IN FURTHER SUPPORT OF DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Plaintiff concedes that she filed her claim against the District after the applicable three-year statute of limitations but unconvincingly seeks to justify her untimely filing by relying on an inapplicable Superior Court Order and two equitable defenses, none of which apply to the instant matter.

### ARGUMENT

Plaintiff does not attempt to rebut, and thus concedes, the District's argument that her Amended Complaint does not relate back to the date of her timely filed original pleading. *See generally* Pl.'s Opp'n [23]; *see Stubbs v. Law Office of Hunter C. Piel, LLC*, 672 F. App'x 3 (D.C. Cir. Sept. 8, 2016) (per curiam) (affirming dismissal of claims as conceded where a party's "response to the motion to dismiss for failure to state a claim was unresponsive to the arguments raised in the motion"). Likewise, Plaintiff fails to address the District's argument that she is not entitled to equitable tolling of the applicable statute of limitations. Instead, Plaintiff unpersuasively argues that (1) her claim is timely because the Superior Court of the District of Columbia's Covid-19 Emergency Tolling Order (DCSC Order) applies in this Court; and (2) even if the DCSC Order does not apply, Plaintiff's claim is timely because the District is equitably estopped from asserting a statute of

limitations defense in light of its prior representation that it is not responsible for the site of her fall. Pl.'s Opp'n at 7, 10. As discussed below, Plaintiff's arguments fail.

I.      **The Superior Court Order Does Not Apply In This Court.**

Plaintiff does not contest that her Amended Complaint was filed on April 21, 2022, or that her common law claims stemming from the November 27, 2018 incident are subject to a three-year statute of limitations. *See* Pl.'s Opp'n at 1–2. Instead, Plaintiff relies on the Superior Court's tolling order to argue that the limitations period extends through December 10, 2022[1]. *See id.* at 2-3, 7-10. Not so. The Chief Judge of the Superior Court has authority in an emergency to "enter such order or orders as may be appropriate to delay, toll, or otherwise grant relief from the time deadlines imposed by otherwise applicable laws or rules for such period as may be appropriate *for any class of cases pending or thereafter filed in the Superior Court.*" D.C. Code § 11-947(a)(2)(A) (emphasis added). In other words, the scope of the Superior Court's tolling authority extends not to any particular type of claims, but rather to claims "pending or thereafter filed in the Superior Court." *Id.* Plaintiff's claims here are neither. Plaintiff filed her claims in this Court. No tolling applies, and Plaintiff's claims are thus untimely.[2]

Plaintiff seeks to circumvent this outcome by stretching the holding of *Steorts v. American Airlines*, 647 F.2d 194, 197 (D.C. Cir. 1981). In *Steorts*, the court considered whether to apply Virginia or District of Columbia law in a diversity action and concluded that District of

---

[1]     Even if Plaintiff is correct that the Superior Court tolling order applies in this Court, her claim is still untimely because the Superior Court order only applied to claims that expired on or before March 20, 2021. Here, Plaintiff's claim did not expire until November 27, 2021.

[2]     Like the Superior Court, this Court has issued various orders addressing the COVID-19 pandemic's effects on court operations. However, these orders are either silent on the issue of tolling or explicitly state that any statutes of limitations are unaffected. *See, e.g.*, COVID-19 Standing Order 20-62 ¶ 7 (Howell, C.J., July 9, 2020) ("This Order does not toll any applicable statute of limitations."). Thus, this Court's orders are not applicable.

Columbia law, the law of the forum, applied to the issue of whether an action was barred by the statute of limitations. *Id.* at 196-97. The present case is distinguishable because this Court's jurisdiction is not based on diversity jurisdiction. Am. Compl. ¶ 10. Moreover, the Parties agree that Plaintiff's negligence claim is subject to the three-year statute of limitations set forth in D.C. Code § 12-301(a)(8). Pl.'s Opp'n at 7. Neither the *Steort* court, nor any other authority cited by Plaintiff, has any bearing on whether the Superior Court Order applies to this court and thus modifies the applicable statute or limitation. In light of this, the Court should dismiss Plaintiff's Amended Complaint against the District with prejudice.

II.     **The District Is Not Equitably Estopped from Invoking the Statue of Limitations.**

Plaintiff offers nothing in her Amended Complaint or opposition to satisfy her burden for the Court to equitably toll the statute of limitations for her negligence claim. She makes no argument that she has been diligently pursuing her rights or that some extraordinary circumstance stood in her way. *See generally* Pl.'s Opp'n.; *see also* Am. Compl. Instead, Plaintiff argues that the District should not be permitted to assert a statute of limitations defense under the doctrines of equitable estoppel and lulling. Pl.'s Opp'n at 10-11.

Plaintiff correctly notes that a defendant who engages in the inequitable conduct of concealing the existence of a cause of action can be equitably estopped from invoking the statute of limitations. Opp'n at 11 citing *Jankovic v. International Crisis Group*, 494 F.3d 1080, 1086 (D.C. Cir. 2007). Plaintiff, however, conveniently fails to mention that a "'well established defense to a claim of fraudulent concealment is that the plaintiff knew, or by the exercise of due diligence could have known, that he may have had a cause of action.'" *Weisberg v. Williams, Connolly, & Califano*, 390 A.2d 992, 996 (D.C. 1978) quoting *Westinghouse Electric Corp. v. City of Burlington*, 351 F.2d 762, 764 (D.C. Cir. 1965). "(A) mere doubt in the mind of a party in connection with his legal rights, or his right to recover in a lawsuit, will not suspend the

running of the statute of limitations." *Chappelle's Estate v. Sanders*, 442 A.2d 157, 158 (D.C. 1982), quoting 51 Am. Jur. 2d Limitation of Actions s 146 (1970) (footnote omitted).

### A.  **The District Did Not Fraudulently Conceal Plaintiff's Potential Cause of Action.**

Plaintiff notified the District of her injury and the District's potential liability on January 28, 2019. Pl.'s Opp'n at 3; Am. Compl. ¶ 12. On March 15, 2019, the District responded that its "investigation indicates that the section of the roadway involved [in Plaintiff's injury] is under the jurisdiction of the National Park service. Please forward your claim directly to their attention at the address listed below . . ." Pl.'s Opp'n at 4; Ex. 5. It is here that Plaintiff's equitable estoppel claim fails. Upon receipt of the District's March 2019 response, Plaintiff waited until November 17, 2020, approximately one year and eight months, to submit a claim of injury to the United States. Am. Compl. ¶ 5. The United States, in turn, denied Plaintiff's claim on April 6, 2021, for reasons not stated in Plaintiff's Amended Complaint. Am. Compl. ¶ 7. Plaintiff then waited over five more months before filing the instant suit against the United States as the sole defendant. *See generally* Compl. [1]. Plaintiff does not allege that she undertook any investigatory measures with respect to the District's March 2019 response to her D.C. Code § 12-309 notice until April 19, 2022. Pl.'s Opp. Ex. 7. If Plaintiff had "exercise[d] . . . due diligence [she] could have known, that [s]he may have had a cause of action." *Westinghouse*, 351 F.2d at 764. Plaintiff, however, did not exercise any diligence. She does not allege that she followed up with the District until more than *three years* after its initial response. Pl.'s Opp'n, Ex. 7. She did not promptly contact the National Parks Service (NPS) to investigate the District's non-definitive statement that its "investigation indicates" that NPS was responsible for the fall site. Pl.'s Opp. Ex. 5. She does not allege that she undertook any independent research regarding which entity maintained the area or that she made pre-suit Freedom of Information Act requests to try to ascertain that ownership or responsibility. While Plaintiff is not bound to put

forth "maximum feasible diligence," only "reasonable diligence," she has failed to argue or plead facts demonstrating that she made any diligent effort to identify the proper defendant. *See United States v. Rice*, 727 F. App'x 697, 701 (D.C. Cir. 2018) (quoting *Holland v. Florida*, 560 U.S 631, 652 (2010)). What is more, Plaintiff could—and likely should—have filed suit against the United States and the District—a prudent course that multiple plaintiffs take when ownership or responsibility is unknown—from the start. Thus, because of Plaintiff's deliberate decision to exclude the District and her lack of diligence, equitable tolling should not apply. The Court should therefore grant the District's motion and dismiss the District as a defendant.

      **B.**    **The District Did Not Lull Plaintiff Into Delaying This Lawsuit.**

The doctrine of lulling applies when the defendant "ha[s] done something that amounted to an affirmative inducement to plaintiffs to delay bringing action," *Bailey v. Greenberg,* 516 A.2d 934, 937 (D.C. 1986) (quoting *Hornblower v. George Wash. Univ.,* 31 App. D.C. 64, 75 (D.C. 1908)), as when a defendant promises to settle a dispute outside of court, *see, e.g., id.* at 939.

In her opposition, Plaintiff argues that *Bailey* "illustrates the type of 'affirmative inducements' that can operate to estop a defendant from asserting a statute of limitations defense." Pl.'s Opp'n at 11. Again, Plaintiff omits critical facts about this case. In *Bailey*, a plaintiff brought a negligence suit against Greenberg for damages resulting from injuries she had suffered after falling on Greenberg's property. *Bailey*, at 936. Greenberg, in turn, notified plaintiff that its insurance agent was the Insurance Company of North America (INA) and that "INA will pay the damages incurred in the accident." *Id*. INA then waited over three years to notify plaintiff that it was not Greenberg's insurer at the time of her fall. *Id.* The instant matter is distinguishable from *Bailey* because NPS is not the District's agent, the District made no such representation, and the District did not affirmatively represent that NPS would pay for Plaintiff's

alleged damages. To the contrary, the District merely offered Plaintiff information about the identity of the entity she concedes owns the site of the fall. Pl.'s Opp'n at 6. In the absence of any affirmative inducement by the District, the Court should reject Plaintiff's lulling theory and dismiss Plaintiff's Amended Complaint against the District.

## CONCLUSION

For the foregoing reasons, the Court should grant the District's Motion and dismiss Plaintiff's Amended Complaint against the District with prejudice.

Date:  June 28, 2022    Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Alicia M. Cullen*
ALICIA M. CULLEN [1015227]
Chief, Civil Litigation Division, Section III

*/s/ Ryan Martini*
ALEX KARPINSKI [982184]
RYAN MARTINI [888241893]
Assistant Attorneys General
Civil Litigation Division
400 6th Street NW
Washington, D.C. 20001
Phone:  (202) 442-9866; (202) 724-7322
Fax:  (202) 715-7725; (202) 741-0555
Email:  alex.karpinski@dc.gov;
ryan.martini@dc.gov
*Counsel for Defendant District of Columbia*